IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:14-CR-236-D(04) |
| VS. | § |
| | § |
| MARTIN RODRIGUEZ MARTINEZ, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Martin Rodriguez Martinez ("Martinez") moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Martinez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B)(viii) (count 1) and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) & (h) (count 2). On February 27, 2015 the court sentenced him to 240 months' imprisonment as to count 1 and 240 months' imprisonment as to count 2, to run concurrently with one another, followed by 4 years of supervised release as to count 1 and one year of supervised release as to count 2. Martinez appealed his sentence, but his appeal was dismissed as frivolous.

On September 23, 2025 Martinez filed the instant motion for sentence reduction under

18 U.S.C. § 3582(c)(1)(A). The court entered an order requiring the government to file a response to Martinez's motion and permitting Martinez to file a reply no later than November 13, 2025. The government has not filed a response, and Martinez has not filed a reply. The motion is now ripe for a decision.

II

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Federal Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to

_____

[*]Martinez contends in his motion that he meets the statute's exhaustion requirement because "30-days have passed and instant motion is properly before the Court." P. Mot. 2. Because doing so does not change the outcome of the decision on Martinez's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

- 2 -

it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

Martinez moves for a sentence reduction based on alleged "extraordinary and compelling reasons" under U.S.S.G. § 1B1.13(b)(6), which provides:

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In support of his motion, he contends that, if he were sentenced today, he would have received a lower sentence and that, as a non-citizen, he does not qualify for some of the advantages available to citizen offenders, which creates a disparity.

Because the court concludes below that Martinez's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Martinez has shown an extraordinary and compelling reason.  *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate

- 3 -

release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

III

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Martinez is currently serving a 240-month sentence for conspiring to possess and distribute a large amount of methamphetamine and to launder monetary

- 4 -

instruments. He is not eligible for release from prison until August 14, 2030. If the court grants his motion, it will be ordering him released more than *4 years* before he would otherwise be eligible. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Martinez's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

- 5 -

\*   \*   \*

Accordingly, the court denies Martinez's September 23, 2025 motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED**.

December 29, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 6 -